United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTIN TYRELL LUSTER,
Plaintiff,

v.

CDCR, et al.,
Defendants.

Case No. 26-cv-07475-JST

**ORDER OF DISMISSAL**

Plaintiff, an inmate at West Reentry Treatment & Housing in Richmond, California, has filed a *pro se* civil rights action. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**B. Complaint**

In the caption, the complaint names as defendants CDCR, Landcaster Hospital, and Highland Hospital. ECF No. 1 at 1. In the body of the complaint, the complaint names as defendants the following three individuals: "Radiologist in Highland Hospital at its full capacity, Radiologist in Landcaster Hospital at its full capacity, ENT doctor at Stockton General Hospital at its full capacity." ECF No. 1 at 2.

The complaint is hard to read because Plaintiff's handwriting is faint. The complaint appears to make the following allegations. Plaintiff has asked Defendants multiple times if there is something inside his body, and Defendants have falsely stated that there is not. Something has

been placed in his body, and this object can be harmful and deadly and exposes him to cancer. His family, including his daughter's mother and his sister, know what he is thinking, are stealing his ideas, and had him jailed so that they can violate all his women in a manner of ways. A chip was implanted in his body and brain at Landcaster whereby others can know what he is thinking and feeling, and can control him and make him do things. At the time Plaintiff filed the complaint, Plaintiff was being copied and heard and was told that "they" are going to have him killed. ECF No. 1 at 2-3. The complaint requests the following relief: "punitive damages, money damages, relief injunctive." ECF No. 1 at 3.

**C. Dismissal with Leave to Amend**

The Court dismisses the complaint for failure to state a claim for the following reasons.

First, the complaint does not allege a violation of federal law or the federal Constitution, as is required to state a Section 1983 claim. *See West*, 487 U.S. at 48.

Second, Defendants were not acting under color of state law, as is required to state a Section 1983 claim. *See West*, 487 U.S. at 48.

Third, this case cannot proceed against unidentified defendants. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and allow the plaintiff leave to amend the complaint to name the intended defendant if the plaintiff is later able to identify the unknown defendant, whether through discovery or other means. *See Gillespie*, 629 F.2d at 642. When Plaintiff names a person by job but not by name, such as "Radiologist in Highland Hospital," he is suing an unidentified defendant.

Fourth, Plaintiff's claims that a chip has been implanted in him and that he is being controlled by family members via this chip are irrational and implausible. *See Neitzke*, 490 U.S. at 327–28 (Section 1915(d) accords judges authority to dismiss claims describing fantastic or delusional scenarios).

The Court DISMISSES the complaint with prejudice as amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted).

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES this action with prejudice. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall terminate all pending motions as moot and close the case.

**IT IS SO ORDERED.**

Dated: October 27, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California